IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Carolina Chloride, Inc., | ) | C.A. No. 3:05-2154-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | **GRANTING MOTION TO REMAND** |
| Richland County, a South Carolina | ) | |
| Political Subdivision, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff's motion to remand is granted. The granting of this motion is based on Plaintiff's clarification of two ambiguous claims in the amended complaint which Plaintiff asserts do not assert claims arising under federal law. Specifically, Plaintiff has clarified that its inverse condemnation claim is based on a specified state statute and has disavowed reliance on federal law for its substantive due process claim (most critically, 28 U.S.C. Section 1983 and the federal constitutional provisions which might be enforced through that statute). Whether the disavowal of reliance on federal law may be fatal to the substantive due process claim raises legal questions for resolution by the state court. Plaintiff shall, however, be estopped from modifying its position as to the scope of its claims on remand. The court also denies Plaintiff's request for fees given the ambiguity of the complaint at the time of removal.

For the reasons set forth above, this action is remanded to the Court of Common Pleas for Richland County, South Carolina.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

September 9, 2005